FILED

MAY 14 2015

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: ) | BAP No. AZ-14-1529 |
| ) | |
| IVAYLO TSVETANOV DODEV, ) | Bk. No. 2:14-bk-02116-MCW |
| ) | |
| Debtor. ) | |
| _____) | |
| ) | |
| IVAYLO TSVETANOV DODEV, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **ORDER DISMISSING APPEAL** |
| ) | |
| THE BANK OF NEW YORK MELLON, ) | |
| as Trustee for the ) | |
| Certificateholders of CWALT, ) | |
| Inc., Alternative Loan Trust ) | |
| 2009-OA7, Mortgage Pass-Through) | |
| Certificates, Series 2007-OA7, ) | |
| its assignees and/or successors) | |
| by and through it servicing ) | |
| agent Select Portfolio ) | |
| Servicing, Inc., fka The Bank ) | |
| of New York, ) | |
| ) | |
| Appellee. ) | |
| _____) | |

Before: JURY, KIRSCHER and PAPPAS, Bankruptcy Judges.

    The Panel has received and considered appellant's response to the Clerk's Order questioning whether the dismissal of the bankruptcy case had rendered this appeal moot. The bankruptcy case was dismissed by order entered March 16, 2015.

    This is an appeal from an order granting relief from the automatic stay and determining that the automatic stay did not

apply to a debtor-initiated lawsuit pending at the U.S. District Court for the District of Arizona (2:13-cv-02155-GMS). The order only dealt with the automatic stay under § 362(a). Though the order mentioned the injunction of 11 U.S.C. § 524(a), no discharge was entered in the bankruptcy case, so § 524(a) is inapplicable.

The automatic stay terminates by operation of law as to property of the estate once the property is no longer property of the estate. 11 U.S.C. § 362(c)(1). The dismissal of the case revested the property of the estate in the debtor appellant. 11 U.S.C. § 349(b)(3). The automatic stay relating to the lawsuit, to the extent it could have existed, terminated upon the dismissal of the case. 11 U.S.C. § 362(c)(2)(B). The bankruptcy case has been dismissed but it has not been closed, hence reopening, as suggested by appellant, would have no effect.

Notwithstanding that this appeal and the pending appeal AZ-15-1013 involve the same parties, the orders on appeal are substantially different. Whether dismissal of a bankruptcy case moots an appeal must be decided with reference to the actual order on appeal. "[I]f the issue is ancillary to the bankruptcy, the dismissal of the petition does not necessarily cause the case to become moot." In re Universal Farming Indus., 873 F.2d 1334, 1335 (9th Cir. 1989). The automatic stay is not ancillary to the bankruptcy case, it is integral to it.

There is no effective relief the Panel can grant regarding the relief from the automatic stay, because the stay has terminated independent of the order on appeal. See <u>In re Income Property Builders, Inc.</u>, 699 F.2d 963, 965 (9th Cir. 1982)

Therefore, this appeal is ORDERED DISMISSED as moot.